JS-6

FILED
CLERK, U.S. DISTRICT COURT

4/25/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| ANTONIA R. LONG, d/b/a Bellydancer of the Universe Competitions,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KIMBERLY GWEN WEGNER-CAHILL, a/k/a Kimberly Gwen Wegner; *et al*.,<br><br>　　　　　　Defendants. | CASE NO. 2:15-cv-03989-JFW (MRWx)<br><br>Hon. JOHN F. WALTER<br><br>**ORDER OF DISMISSAL** |

**ORDER OF DISMISSAL**

1 | Pursuant to the Stipulation and Joint Request for Dismissal Pursuant to Settlement,
2 | filed by Plaintiff and Counterdefendant ANTONIA R. LONG, together with Defendant
3 | KIMBERLY GWEN WEGNER-CAHILL and Defendant and Counterclaimant WREN
4 | HILL TRADE COMPANY, LLC, and pursuant to the terms of their settlement agreement
5 | contained in the attached Exhibit A, the Court orders:

7 | 1.  This entire action is dismissed with prejudice.  All parties shall bear their own
8 | costs.
9 | 2.  The Court retains jurisdiction to enforce the terms of the settlement
10 | agreement, which are hereby incorporated by reference.

12 | IT IS SO ORDERED.

14 | Dated:  April 25, 2016

_____
Hon. John F. Walter
UNITED STATES DISTRICT JUDGE

- 1 -
**[PROPOSED] ORDER OF DISMISSAL**

# Exhibit A
# Settlement Agreement

## CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT

### I.   DEFINITIONS

A.   "Agreement" means this Settlement Agreement and General Mutual Release of All Claims.

B.   "Effective Date" refers to April 5, 2016..

C.   "Antonia Long" refers to Plaintiff Antonia Long, doing business as Bellydancer of the Universe Competitions, also known as Antonia Shadwick, Antonia Shadwick-Long and "Atlantis" and any representative acting or purporting to act on her behalf including, but not limited to, all owners, officers, directors, agents, servants, employees, attorneys, consultants and other representatives.

D.   "Kim Wegner-Cahill and Wren Hill Trade Company, LLC" refers to Defendant Kimberly Gwen Wegner-Cahill, also known as Kimberly Gwen Wegner, and Wren Hill Trade Company, LLC and any representative acting or purporting to act on their behalf including, but not limited to, all owners, officers, directors, members, agents, servants, employees, attorneys, consultants and other representatives.

E.   "Parties" refers to Antonia Long, Kim Wegner-Cahill and Wren Hill Trade Company, LLC collectively.

F.   "California Lawsuit" refers to Case No. 2:15-cv-03989-JFW (MRWx); *Antonia Long dba Bellydancer of the Universe Competitions v. Kimberly Gwen Wegner-Cahill, Wren Hill Trade Company, LLC, et al.* in the United States District Court for the Central District of California.



1240325

G. "Missouri Lawsuit" refers to Case No. 5:15-cv-06050-BP; *Wren Hill Trade Company, LLC v. Antonia R. Long d/b/a Bellydancer of the Universe* in the United States District Court for the Western District of Missouri.

H. "Opposition No. 91223587" refers to the proceeding before the U.S Patent and Trademark Office in Opposition No. 91223587; *In the matter of: Antonia R. Long dba Bellydancer of the Universe Competitions, as Opposer v. Wren Hill Trade Company, LLC, as Applicant*.

I. "All Claims" means all claims or causes of action, known or unknown, of any type that the parties have against each other. Without limiting the foregoing, "All Claims" specifically includes all claims or causes of action, whether known or unknown, arising in tort, in contract, at common law, in equity or by statute. Without limiting the foregoing, "All Claims" specifically includes, whether known or unknown, all claims for federal trademark infringement, all claims challenging the validity or enforceability of a trademark, all claims for federal unfair competition and false designation of origin, all claims for federal anticybersquatting, all claims for common law trademark infringement, all claims for state law unfair competition, and any other claims that were or could have been asserted in the California Lawsuit or the Missouri Lawsuit or Opposition No. 91223587.

"All Claims" includes all claims whether or not they are fully known, matured, or appreciated at this time.

"All Claims" further includes all claims for damages of every possible nature. Without limiting the foregoing, "All Claims" specifically includes all claims for compensatory damages, contract damages, punitive damages, statutory damages, treble

1240325



damages, enhanced damages, exemplary damages, pre- or post-judgment interest, attorney's fees, expert fees, lost profits, fee disgorgement, penalties, court costs, and/or expenses. Without limiting the foregoing, "All Claims" also includes all claims for equitable, declaratory, restitutionary or other kinds of relief.

## II. RECITALS

WHEREAS, on March 6, 2007, the U.S. Patent and Trademark Office registered to Antonia Long in the Principal Register the service mark "Bellydancer of the Universe," Registration No. 3,215,720.

WHEREAS, on March 20, 2015, Wren Hill Trade Company filed with the U.S. Patent and Trademark Office an application to register "Belly Dance Universe" as a trademark, under Application Serial No. 86571727.

WHEREAS, on April 13, 2015, Wren Hill Trade Company, LLC filed the Missouri Lawsuit against Antonia Long, seeking declaratory relief relating to a demand to cease infringement of her registered "Bellydancer of the Universe" mark.

WHEREAS, on May 27, 2015, Antonia Long filed the California Lawsuit against Kim Wegner-Cahill and Wren Hill Trade Company, LLC, asserting claims relating to the alleged infringement of the "Bellydancer of the Universe" mark.

WHEREAS, on July 17, 2015, Kim Wegner-Cahill and Wren Hill Trade Company LLC filed their answer in the California Lawsuit and counterclaims against Antonia Long, seeking declaratory relief relating to the alleged infringement of Antonia Long's registered "Bellydancer of the Universe" mark.

WHEREAS, on August 12, 2015, Wren Hill Trade Company, LLC voluntarily dismissed the Missouri Lawsuit without prejudice.

WHEREAS, on September 1, 2015, Antonia Long filed a notice of opposition with the U.S. Patent and Trademark Office, contesting the application to register "Belly Dance Universe" as a trademark of Wren Hill Trade Company, LLC, in Opposition No. 91223587.

WHEREAS, on January 29, 2016, in the Opposition No. 91223587 proceeding, Wren Hill Trade Company, LLC filed an answer and counterclaims, seeking to cancel the "Bellydancer of the Universe" mark registered to Antonia Long.

WHEREAS, the Parties have since engaged in negotiations to resolve their disputes.

WHEREAS, the Parties, in order to avoid further cost, inconvenience and burden associated with contested litigation, and without admitting any liability on any claim, desire to compromise and settle All Claims they have against each other.

NOW, THEREFORE, for the covenants, agreements and consideration stated in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

### III. AGREEMENTS

A. In exchange for the releases, promises and other covenants set forth in this Agreement, and upon receipt of a fully executed copy of this Agreement, Kim Wegner-Cahill and Wren Hill Trade Company LLC, through its insurer, Barton Insurance Company, shall pay a total sum of $50,000.00 (the "Settlement Funds") by check made payable to "Bellydancer of the Universe Competitions." The Parties acknowledge that Antonia Long

1240325



has executed the W-9 form, to properly facilitate the remittance and disbursement of the Settlement Funds.

Antonia Long acknowledges and agrees that the monetary consideration set forth herein, and the additional injunctive items set forth below, shall be the only type and form of monetary payment or other consideration that will ever be paid to her or received by her arising out of or in connection with the California Lawsuit or All Claims she has asserted.

B. Kim Wegner-Cahill and Wren Hill Trade Company LLC shall permanently cease using the phrase "Belly Dance Universe."

1. As used in this Agreement, the phrase "Belly Dance Universe" means "belly dance" or "bellydance" or other words and phrases containing "belly" and "dance," when used with "universe" or "universal" or other words derived from the word "universe." This shall in no way prohibit Kim Wegner-Cahill and Wren Hill Trade Company LLC from using "Belly Dance Global" or any term of belly dance that is not strictly prohibited herein.

2. Within thirty (30) days from the Effective Date of this Agreement, Kim Wegner-Cahill and Wren Hill Trade Company LLC will cease distributing and destroy any existing materials within its possession that refer to themselves or any of their services using the word "Belly Dance Universe" including, but not limited to, pamphlets, brochures, mailers, and informational sheets; and

3. Within sixty (60) days from the Effective Date of the Agreement, Kim Wegner-Cahill and Wren Hill Trade Company LLC will remove all references to "Belly Dance Universe" from their social media accounts, including but not limited to Facebook, Instagram, and any other social media accounts.

4. Antonia Long shall be allowed to monitor any private social media accounts to verify compliance, ~~as a member of the general public and without log-in information.~~ *[KW 4-22-16]*

5. Wren Hill Trade Company LLC will abandon its pending trademark application for "Belly Dance Universe," which is the subject of the

5

1240325

       Opposition No. 91223587 proceeding, and dismiss with prejudice any counterclaims against Antonia Long in that proceeding.

6. Within fourteen (14) days from the Effective Date of the Agreement or upon receipt of a fully executed settlement agreement and release, whichever is later, Kim Wegner-Cahill and Wren Hill Trade Company LLC will transfer ownership of the web domain www.bellydanceuniverse.com to Antonia Long.

C. Within five (5) business days after payment of the Settlement Funds, the Parties will file a Joint Stipulation for Dismissal with Prejudice of the California Lawsuit. Notwithstanding the dismissal with prejudice, the Parties agree that the Court retains jurisdiction to enforce this Agreement, including pursuant to Cal. Code of Civ. Proc. § 664.6. The dismissal shall incorporate the terms of this Agreement by reference.

D. Each of the Parties will bear its own attorneys' fees and expenses in connection with the Missouri Lawsuit, the California Lawsuit, Opposition No. 91223587, and this Agreement.

E. **Covenant Not to Sue.** Plaintiff individually and on behalf of the Releasing Plaintiff Parties and the Defendant individually and on behalf of the Releasing Defendant Parties respectively, promise not to sue, challenge or engage in any adversarial proceeding against the other party or proceed in any manner, in agency or other proceedings, whether at law, equity, by way of administrative hearing or otherwise against the other party and agree to not assist, solicit or encourage any others to do the same because of or arising out of or related in any manner to the Missouri Lawsuit, the California Lawsuit or Opposition No. 91223587, the other Party, and any events related thereto.

1240325

## IV. MUTUAL RELEASES

A. *Release in Favor of Antonia Long.* In consideration of the promises and for other valuable and sufficient consideration set forth herein, Kim Wegner-Cahill and Wren Hill Trade Company, LLC, individually and together with each of their past, present or future predecessors, successors, assigns, heirs, administrators, representatives, executors, parent companies, subsidiaries, affiliated persons and entities, related persons and entities, owners, shareholders, members, partners, trustees, officers, directors, managers, employees, servants, agents and insurers ("**Releasing Defendant Parties**") fully, finally, generally and unconditionally release, acquit and forever discharge Antonia Long and all of their past, present or future predecessors, successors, assigns, parent companies, subsidiaries, affiliated persons and entities, related persons and entities, divisions, departments, owners, shareholders, members, partners, trustees, officers, directors, managers, employees, servants, principals, agents, consultants, representatives, insurers, sureties and attorneys ("**Released Plaintiff Parties**"), from all disputes, claims, demands, causes of actions, debts, liens, lawsuits, damages, costs, expenses and liabilities of every kind, character, and description, known or unknown and whether by contract, tort, law, statute, common law or otherwise that were or could have been asserted in the Misssouri Lawsuit, the California Lawsuit or Opposition No. 91223587 ("**Released Claims**"). Kim Wegner-Cahill and Wren Hill Trade Company, LLC understand and agree that this Paragraph A is intended to include all Released Claims the Releasing Defendant Parties have or may have, including Released Claims that are unknown. Kim Wegner-Cahill and Wren Hill Trade Company, LLC hereby acknowledge that they or their attorneys may hereafter discover claims in addition to or

different from those which they now know or believe to exist with respect to the Released Claims, but that it is still her intention on behalf of herself and all other Releasing Defendant Parties to hereby fully, finally and forever settle, release, extinguish and waive all of the Released Claims. Kim Wegner-Cahill and Wren Hill Trade Company, LLC agree that the Releasing Defendant Parties will have and be deemed to have fully, finally and forever settled and released any and all Released Claims whether or not they are known, and it is Kim Wegner-Cahill and Wren Hill Trade Company, LLC's intention to hereby fully, finally and forever settle, release, extinguish and waive all of the Released Claims, including unknown claims, that the Releasing Defendant Parties had, now have, or absent this Agreement may in the future have against the Released Plaintiff Parties. In furtherance of such intention, the release in this Paragraph will be and remain in effect as a full and complete release not withstanding any discovery of the existence of any additional or different claims or facts..

B.   *Release in Favor of Kim Wegner-Cahill and Wren Hill Trade Company LLC.* In consideration of the promises and for other valuable and sufficient consideration set forth herein, Antonia Long, together with her past, present or future predecessors, successors, assigns, heirs, administrators, representatives, executors, parent companies, subsidiaries, affiliated persons and entities, related persons and entities, owners, shareholders, members, partners, trustees, officers, directors, managers, employees, servants, agents and insurers ("**Releasing Plaintiff Parties**") fully, finally, generally and unconditionally release, acquit and forever discharge Kim Wegner-Cahill and Wren hill Trade Company LLC and all of their past, present or future predecessors, successors, assigns, parent companies, subsidiaries,

1240325

affiliated persons and entities, related persons and entities, divisions, departments, owners, shareholders, members, partners, trustees, officers, directors, managers, employees, servants, principals, agents, consultants, representatives, insurers, sureties and attorneys ("**Released Defendant Parties**"), from all disputes, claims, demands, causes of actions, debts, liens, lawsuits, damages, costs, expenses and liabilities of every kind, character, and description, known or unknown and whether by contract, tort, law, statute, common law or otherwise that were or could have been asserted in the Missouri Lawsuit, the California Lawsuit or Opposition No. 91223587 ("**Released Claims**"). Antonia Long understands and agrees that this Paragraph is intended to include all Released Claims the Releasing Plaintiff parties have or may have, including Released Claims that are unknown. Antonia Long hereby acknowledges that she or her attorneys may hereafter discover claims in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is still her intention on behalf of herself and all other Releasing Plaintiff Parties to hereby fully, finally and forever settle, release, extinguish and waive all of the Released Claims. Antonia Long agrees that the Releasing Plaintiff Parties will have and be deemed to have fully, finally and forever settled and released any and all Released Claims whether or not they are known, and it is Antonia Long's intention to hereby fully, finally and forever settle, release, extinguish and waive all of the Released Claims, including unknown claims, that the Releasing Plaintiff Parties had, now have, or absent this Agreement may in the future have against the Released Defendant parties. In furtherance of such intention, the release in this Paragraph B will be and remain in effect as a full and complete release not withstanding any discovery of the existence of any additional or different claims or facts.

9

1240325



C. *Scope and Intent of Releases.* Each of the Parties specifically intends its respective release to be a general release and to, as broadly as possible, include all conceivable claims and causes of action arising on or before the Effective Date. In this regard, by executing this Agreement, Antonia Long and Kim Wegner-Cahill and Wren Hill Trade Company LLC warrant and represent that they are knowingly and for adequate consideration releasing all known and unknown claims and causes of action against one another. Each of the Parties' respective releases does not release any claims or causes of action between the Parties pertaining to the obligations created by this Agreement or any claims or causes of action arising after the Effective Date.

D. *Waiver of Section 1542 of the Civil Code.* Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each of the Parties expressly waives and relinquishes any and all rights and benefits that it may have under, or which may be conferred upon it, by the provisions of Section 1542 of the California Civil Code, as well as any other similar state or federal statute or common law principle, to the fullest extent they may lawfully waive such rights and benefits. The Parties are aware that they may hereafter discover claims or injuries in addition to or different from those that they now know or believe to exist, but it is their intention to release any such claims or injuries without knowing of their existence. The Parties are aware that they may hereafter discover facts in addition to or different from those that they now know or

1240325



believe to exist, relating to released claims, but it is their intention to release all claims against each other without knowing of such facts. This Agreement will remain in effect as a full, complete and mutual release of all claims notwithstanding the discovery hereafter of the existence of any presently unknown claims, injuries, or facts.

V. MISCELLANEOUS PROVISIONS

    A. *Further Assurances.* The Parties agree to execute such further documents or take such further action as is reasonably necessary to effectuate the intent of this Agreement and covenants set forth herein.

    B. *Dealings Among the Parties.* The Parties agree to deal with one another fairly and in good faith in the performance of this Agreement.

    C. *Capacity to Execute.* The Parties acknowledge, represent and warrant to each other that:

        1. no other person or entity presently has, or has ever had, any interest in the claims, demands, or causes of action released herein;

        2. each has the exclusive right, express authority, and full legal capacity to execute this Agreement; and

        3. each has not sold, assigned, transferred, conveyed, encumbered, or otherwise disposed of any of the claims, demands, or causes of action referred to in and released by this Agreement.

    D. *Successors and Assigns.* This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and to their respective representatives, successors and assigns.

    E. *No Admission of Liability.* The Parties hereby acknowledge, agree and intend that this Agreement is entered into as a compromise of disputed claims, that neither the

11



conveyance of the monetary consideration nor the execution of this Agreement is an admission by any of the Parties of any liability or responsibility to the other arising out of or relating to All Claims, and that this Agreement represents the mutual desire of the Parties to buy peace and avoid the uncertainties and costs of litigation.

F. *General Disclaimer of Reliance.* The Parties represent to each other that: (a) before executing this Agreement, each of them became fully informed of the terms, contents, conditions and effects of this Agreement; (b) in making this Agreement, the Parties have had the benefit of advice of attorneys of their own choosing; and (c) no promises or representations of any kind have been made by any of them or anyone acting for the Parties, except as expressly stated in this Agreement. Each of the Parties relied solely upon their own judgment and the advice of their own counsel in executing this Agreement, and not any oral or written representations of other Parties.

G. *Jointly Drafted.* Antonia Long and Kim Wegner-Cahill and Wren Hill Trade Company LLC mutually contributed to the preparation of, and have had the opportunity to review and revise, this Agreement. Accordingly, no provision of this Agreement shall be construed against any party because that party, or its counsel, drafted the provision. This Agreement and all of its terms shall be construed equally as to all Parties.

H. *Entire Agreement.* This Agreement contains the entire agreement of compromise and settlement among the Parties, and there are no other agreements modifying or affecting its terms. This Agreement supersedes all other agreements (written, oral or implied) relating to the same subject including, but not limited to, the Stipulation of Settlement executed by the Parties on April 5, 2016.

1240325



I. *Amendments.* This Agreement may not be amended or otherwise modified, except by a written document duly executed by all Parties expressly stating that such amendment or modification is intended.

J. *Agreement as Defense.* This Agreement may be pleaded as a full and complete defense and may be used by the Parties as the basis for an injunction against any action, suit or proceeding which may be prosecuted, instituted or attempted by any of the Parties in breach thereof.

K. *Choice of Law and Venue.* The exclusive, mandatory venue for any claim or cause of action brought to enforce or interpret this Agreement, or otherwise arising from or relating to this Agreement, shall be the United States District Court for the Central District of California. This Agreement will be construed and enforced in accordance with the laws of California.

L. *Severability.* If any provision of this Agreement, or part thereof, is held invalid, void or voidable as against public policy or otherwise, the invalidity will not affect other provisions, or parts thereof, which may be given effect without the invalid provision or part. To this extent, the provisions, and parts thereof, of this Agreement are declared to be severable.

M. *Notice.* All notices and other communications required or permitted to be given under this Agreement shall be in writing and shall be sent by email and overnight mail by a nationally recognized courier service to the Parties and counsel for the Parties, as follows:

13

1240325



| | |
|---|---|
| Antonia Long: | Antonia Long<br>5318 E. 2nd St., PMB #343<br>Long Beach, CA 90803<br>tonya-and-atlantis@charter.net |
| with copy to: | Robert Kohn<br>KOHN LAW GROUP, INC.<br>100 Wilshire Blvd., Suite 940<br>Santa Monica, CA 90401<br>rkohn@kohnlawgroup.com |
| Kim Wegner-Cahill and<br>Wren Hill Trade Company LLC : | Kim Wegner-Cahill<br>P.O. Box 1039<br>Smithville, MO 94089<br>kim@wrenhilltrade.com |
| with copy to: | Anthony Ellrod<br>Jenifer Wallis<br>MANNING & KASS<br>ELLROD, RAMIREZ, TRESTER LLP<br>801 S. Figueroa Street, 15th Floor<br>Los Angeles, CA 90017-3012<br>aje@manningllp.com<br>jcw@manningllp.com |
| and a copy to: | Arthur K. Shaffer<br>Intellectual Property Center, LLC<br>7101 College Blvd. Suite 1520<br>Overland Park, KS 66210<br>ashaffer@theipcenter.com |

If any of the contact information above changes, the Parties or their respective counsel must designate new contact information, in writing and delivered by the same means as set forth above.

N. *Counterparts.* This Agreement may be executed in any number of counterparts, all of which, taken together, shall constitute one and the same agreement. This Agreement may

14

1240325

be executed and delivered by email, .pdf scan, or facsimile transmission with the same force and effect as an ink-signed document.

O. *Confidentiality.* The parties represent, warrant and agree that to the fullest extent permitted by law, the terms of this Agreement and all negotiations preceding the execution of this Agreement shall at all times remain confidential and shall not be disclosed by the Parties, or their attorneys, to any person or entity except:

i. The Parties may make such disclosures to their officers, directors, shareholders, members, attorneys, financial advisors and affiliated entities to the extent reasonably related to the reporting of business and financial matters provided that all recipients of such disclosures agree to be bound by the terms and conditions of this Paragraph O;

ii. The Parties may make such disclosures as required by law, including but not limited to if compelled to testify in a deposition, administrative proceeding, arbitration hearing or at trial pursuant to an order or subpoena issued by a Court, arbitrator or other judicial or quasi-judicial officer; provided however, the Party shall make all reasonable efforts to send, within ten (10) business days prior to making such disclosures, the other Parties to this Agreement written notice of its intent to make such disclosures and describe the circumstances compelling such disclosures in a manner sufficient to enable the other Parties to seek an appropriate protective order or other relief; and

15

1240325



    iii. The Parties may make such disclosures as required or necessary to enforce the terms and conditions of this Agreement.

  P. *Non-Disparagement.*  The Parties agree to take no action which is intended, or would reasonably be expected, to harm the other or its or their reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity.

  IN WITNESS HEREOF, each of the Parties has executed and delivered this Agreement on the dates shown below.

_____
Antonia Long, doing business as Bellydancer of the Universe Competitions

Date: 4·22·16

_____
Kimberly Gwen Wegner-Cahill

Date: 4-22-16

_____
Wren Hill Trade Company, LLC, by
Kimberly Gwen Wegner-Cahill, its CEO

Date: 4-22-16

1240325